On petitioner's petition for reconsideration filed December 3, and respondent's response to petition for reconsideration filed December 9, 2014, petition for reconsideration allowed; former opinion (267 Or App 87, 340 P3d 91) modified and adhered to as modified February 25, 2015

In the Matter of the Compensation of
Joy M. Walker, Claimant.

PROVIDENCE HEALTH SYSTEM OREGON,
*Petitioner*
*Cross-Respondent,*

*v.*

Joy M. WALKER,
*Respondent*
*Cross-Petitioner.*

Workers' Compensation Board
1000400, 1000401; A149021

344 P3d 1115

Theodore P. Heus and Lyons Lederer, LLP, for petition.
Julene M. Quinn for response.

Before Nakamoto, Presiding Judge, and Haselton, Chief Judge, and Wollheim, Senior Judge.

WOLLHEIM, S. J.

## WOLLHEIM, S. J.

Providence Health System (Providence) filed a petition for reconsideration, requesting the court to "clarify" three aspects of our decision regarding an order, under ORS 656.325(1), suspending claimant's compensation for an express period of time. In addition, Providence requests that we correct a mistake in the citation to a subsection of an administrative rule and the description of a statute. We allow the petition for reconsideration. We correct the mistake in the citation to the administrative rule and the description of a statute, but otherwise adhere to our opinion.

Our prior opinion explains the contentious procedural history of this workers' compensation claim, which dates back to April 2004, *see Walker v. Providence Health Systems Oregon*, 267 Or App 87, 90-98, 340 P3d 91 (2014), and we will not repeat that history here except when necessary to understand the petition for reconsideration.

One of the issues on judicial review was whether Providence was entitled to an Independent Medical Examination (IME) before closing the claim. The Workers' Compensation Board concluded that Providence was entitled to an IME before claim closure and, for that reason, the board determined that Providence's refusal to close the claim was not unreasonable under ORS 656.268(5). Relying on our prior opinion in *Providence Health System v. Walker*, 252 Or App 489, 289 P3d 256 (2012), *rev den*, 353 Or 867 (2013), we held that the board correctly declined to award claimant a penalty based on Providence's refusal to close the claim. *Walker*, 267 Or App at 100.

Providence's petition for reconsideration raises three other issues: (A) our interpretation of the order suspending claimant's compensation beginning June 15, 2009, and continuing until claimant complied with Providence's request for an IME or the closure of the claim; (B) our standard of review of the board's decision that Providence could not have "reasonably" known the information that resulted in an increase "by 25 percent or more" in the compensation paid to claimant on an award of "at least 20 percent" permanent disability under ORS 656.268(5)(e); and (C) the beginning and ending dates of claimant's compensation suspension.

Providence argues that the order suspending claimant's compensation continued unless and until she attended the IME. Further, because claimant never attended the IME, Providence contends that the suspension of claimant's compensation continues, even after claim closure. Finally, Providence argues that the express language in the order terminating the suspension of benefits upon closure of the claim does not control and our decision affirming the board's order is inconsistent with the statutes.

Essentially, Providence repeats the argument made in its briefs. A petition for reconsideration is not an opportunity to do that. Nor is it an opportunity to improve the arguments it made in its briefs, now that it has the advantage of our decision. To the contrary, under ORAP 6.25(1)(e), we disfavor a petition for reconsideration that argues that the court erred in addressing legal issues already in the parties' briefs. We have already considered Providence's arguments about the order suspending claimant's compensation and the effect of the express language in that order upon claim of closure and, for that reason, we do not reconsider that issue.

Next, we consider the standard for reviewing the board's conclusion that Providence could not have reasonably known the extent of claimant's disability at the time of claim closure. ORS 656.268(5)(e) requires that a penalty shall be assessed against an employer if the worker's permanent disability compensation is increased by 25 percent or more on reconsideration and the worker is entitled to at least 20 percent permanent partial disability. The employer is not assessed the penalty if the employer "could not reasonably have known at the time of claim closure" the new information that was the basis of the award of additional permanent disability. Our opinion did not expressly state our standard for review. We correct that omission.

In this workers' compensation matter, we review the board's determination for legal error. Whether an action is reasonable depends on the underlying facts and, based on those facts, whether the conclusion the board made constitutes an error of law. ORS 656.298(7); ORS 183.482(7), (8). In addition, ORS 656.268(5)(e) provides that the penalty

shall be assessed when the increase in the award for permanent disability is 25 percent or more, as was the case here. Given that a penalty is assessed unless the employer "could not reasonably have known at the time of claim closure" the new information to the employer, the burden of establishing that the employer "could not reasonably have known" rests with the employer. Providence had the duty to gather the information necessary to issue its notice of closure. The information necessary to close the claim included information regarding the extent of claimant's permanent disability as a result of the accepted conditions.

Here, the underlying facts are undisputed. Claimant's attending physician has been consistent in her assessment of the extent of claimant's permanent disability. Before Providence closed the claim, it knew that the attending physician had consistently rated claimant's permanent disability at 35 percent. The purpose of the IME was to obtain additional information for closing the claim, even though, as a general matter, only an attending physician or a medical arbiter can rate a claimant's permanent disability. ORS 656.245(2)(b)(C). Under these circumstances, the failure to re-contact the attending physician for current information was unreasonable, as a matter of law. 267 Or App at 114. As our opinion stated, the Appellate Review Unit of the Department of Consumer and Business Services contacted the attending physician and, based on that information, awarded claimant 35 percent permanent disability. *Id.* at 92.

Last, Providence also requests that we "state clearly" when the order suspending claimant's compensation began and ended. The June 15, 2009, order provided that the compensation suspension began June 15, 2009, and ended upon the claim's closure. Providence issued the notice of closure on November 5, 2009. We see no need for further clarification.[1]

Providence points out that we incorrectly cited OAR 436-060-0095(9), when we referred to it as OAR 436-060-0095(1). *See* 267 Or App at 111. We correct the opinion to

---

[1] Providence suggests that clarification is necessary to avoid further litigation and is relevant to pending cases. We expressly limit our opinion to the facts and issues presented in these cases and express no opinion on facts and issues that might be pending in other matters.

reflect that the quoted text is from OAR 436-060-0095(9). We also correct our reference to ORS 656.268(5)(e). *See* 267 Or App at 115. ORS 656.268(5)(e) allows for a penalty when a reconsideration order increases the amount of permanent disability paid to claimant by a specified amount. Providence concedes that the amount of permanent disability paid to claimant exceeded the specified amount. We mistakenly described ORS 656.268(5)(e) as providing for a penalty for unreasonably resisting the payment of compensation. We correct that mistake.

Petition for reconsideration allowed; former opinion modified and adhered to as modified.